```
 1  RONALD K. ALBERTS (SBN 100017)
    TAD A. DEVLIN (SBN 190355)
 2  GORDON & REES LLP
    275 Battery Street, Suite 2000
 3  San Francisco, CA 94111
    Telephone: (415) 986-5900
 4  Facsimile: (415) 986-8054

 5  Attorneys for Defendants
    AETNA LIFE INSURANCE COMPANY and
 6  AUTODESK, INC. LONG TERM DISABILITY PLAN

 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WONG, | CASE NO. CV 07-01001 MMC |
| Plaintiff, | [PROPOSED] ORDER FOR AETNA'S TELEPHONIC APPEARANCE AT MEDIATION |
| vs. | |
| AUTODESK, INC. LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, | Date: September 19, 2007<br>Time: 10:30 a.m.<br>Location: 450 Golden Gate Avenue, San Francisco, CA |
| Defendants. | Mediator: Jacqueline Scott Corley |

Pursuant to ADR Local Rule 6-9(d), Aetna Life Insurance Company ("Aetna") requested its representative be permitted to attend mediation by telephone.

Mediation is set for September 19, 2007 at 10:30 a.m., before mediator Jacqueline Scott Corley. Mediation will take place at the Federal Court, 450 Golden Gate Avenue, San Francisco, CA.

Ms. Corley conducted a pre-mediation conference call with the parties' counsel on July 5, 2007. During this conference, Aetna requested permission to have Aetna's representative attend mediation by telephone. Plaintiff Sara Wong's counsel, Constantin Roboostoff, advised that he has no objection and Aetna could indicate his non-objection in Aetna's request. Nor did Ms. Corley have any objection.

1  ~~Requiring Aetna's representative personally attend mediation would impose an~~
2  ~~extraordinary and unjustifiable hardship. Aetna's representative resides on the east coast and it~~
3  ~~would be unduly burdensome to arrange travel and lodging for a one-day mediation in San~~
4  ~~Francisco Aetna's representative has numerous cases to manage, handle and evaluate, and~~
5  ~~requiring personal attendance would be unnecessarily disruptive to Aetna's ability to handle~~
6  ~~other case responsibilities. Aetna's representative also has family responsibilities that require~~
7  ~~her presence at home. Aetna has successfully resolved numerous cases at mediation through~~
8  ~~telephonic appearance. Therefore, permitting Aetna to appear by phone will not hinder the~~
9  ~~parties' ability to have a productive mediation.~~

10   The court considered Aetna's unopposed request, and good cause appearing, hereby
11 orders that Aetna's representative may attend mediation by telephone.
12   IT IS SO ORDERED.
13   DATED: July 20, 2007

_____
Judge Magistrate Wayne D. Brazil
ADR Presiding Judge

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-
[PROPOSED] ORDER FOR AETNA'S TELEPHONIC APPEARANCE AT MEDIATION