IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WONG,<br><br>           Plaintiff,<br><br>   v.<br><br>AUTODESK, INC. LONG TERM DISABILITY PLAN, and AETNA LIFE INSURANCE COMPANY,<br><br>           Defendants.<br>_____/ | No. C-07-1001 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DETERMINE SCOPE OF ADMINISTRATIVE RECORD; VACATING HEARING**<br><br>(Docket No. 16) |

   Before the Court is plaintiff Sara Wong's Motion to Determine the Scope of the Administrative Record, filed July 20, 2007.  Defendant Aetna Life Insurance Company ("Aetna") has filed opposition to the motion; plaintiff has filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, hereby VACATES the August 24, 2007 hearing on the matter, and rules as follows.

**BACKGROUND**

   Plaintiff asserts a claim against defendants Autodesk, Inc. Long Term Disability Plan and Aetna, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), for long-term disability benefits.  (See Compl. ¶¶ 27-29.)  Plaintiff alleges her most recent appeal of Aetna's denial of benefits was submitted to Aetna on November 6, 2006, that

1  Aetna informed her that she would receive a written response to her appeal prior to
2  February 4, 2007, and that no decision on her appeal was received by that date.  (See id.
3  ¶¶ 21-24.)  Plaintiff filed the instant action February 16, 2007.
4       In a letter dated February 15, 2007, Aetna denied plaintiff's appeal.  (See Roboostoff
5  Decl. ¶ 2 and Ex. A.)  Plaintiff received the denial on February 20, 2007, after she filed the
6  instant action.  (See id. ¶ 2.)

## DISCUSSION

Plaintiff now seeks a ruling that the scope of the administrative record does not include Aetna's February 15, 2007 denial of plaintiff's appeal, or the "peer review report" of R. David Bauer, M.D. ("Bauer report"), referenced therein and dated February 12, 2007. Plaintiff argues that the denial was untimely and that the Bauer report was obtained by Aetna after the deadline for Aetna to respond to plaintiff's appeal, and that, consequently, the Court should not consider those documents as part of the administrative record.

Where a disability benefits claimant seeks review of an adverse benefit determination, the applicable federal regulations require the plan administrator to notify the claimant of the plan's decision "within a reasonable period of time, but not later than [45 days] after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances . . . require an extension of time for processing the claim."  See 29 C.F.R. §§ 2560.503-1(i)(1)(i) and (i)(3)(i).  "If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45-day] period," and such notice "shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review."  See 29 C.F.R. § 2560.503-1(i)(1)(i).  "In no event shall such extension exceed a period of [45 days] from the end of the initial period."  See 29 C.F.R. §§ 2560.503-1(i)(1)(i) and (i)(3)(i).  Here, plaintiff alleges Aetna notified her that it was extending the appeal period by 45 days, to February 4, 2007, (see Compl. ¶ 23), a date 90 days after November 6, 2006, the date on which plaintiff submitted her most recent appeal.  Because Aetna did

2

1  not decide the appeal until February 15, 2007, Aetna failed to determine plaintiff's appeal
2  within the 90-day time limit set forth in the above-referenced federal regulations.

3       Plaintiff has cited no authority, however, requiring the Court, in deciding plaintiff's
4  claim, to disregard Aetna's untimely denial of benefits or any evidence Aetna relied upon in
5  reaching such decision.  Under some circumstances, a plan's failure to comply with
6  applicable time limits may result in the Court's applying de novo review to a plaintiff's claim
7  for benefits under ERISA.  See Jebian v. Hewlett-Packard Co. Employee Benefits
8  Organization Income Protection Plan, 349 F.3d 1098, 1103 (9th Cir. 2003); but see Gatti v.
9  Reliance Standard Life Ins. Co., 415 F.3d 978, 982 (9th Cir. 2005) (holding "violations of
10 the time limits established in [prior version of] 29 C.F.R. § 2560.503-1(h) are insufficient to
11 alter the standard of review").  The Court need not decide whether such circumstances
12 exist here, however, because the parties agree that de novo review is the appropriate
13 standard of review.  (See Motion at 5:1-5; Opp. at 5:24-26.)

14      Where the Court conducts a de novo review, the administrative record consists of
15 the evidence that was before the plan administrator, as well as any additional evidence that
16 is "necessary to conduct an adequate de novo review of the benefit decision."  See
17 Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc) (internal
18 quotation and citation omitted); see also Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955,
19 972-73 (9th Cir. 2006) (en banc) ("When a plan has failed to follow a procedural
20 requirement of ERISA, the court may have to consider evidence outside the administrative
21 record.").  Plaintiff cites no authority, and the Court is aware of none, authorizing the Court
22 to strike from the administrative record, as a result of a plan's failure to decide an appeal
23 within applicable time limits, any evidence the plan had before it and relied upon in denying
24 a claim for benefits.  Moreover, contrary to plaintiff's argument, the Court finds no lack of
25 fairness as a result of the Court's considering the reasons and evidence upon which Aetna
26 ultimately relied in Aetna's decision to deny plaintiff's claim.

27      Accordingly, plaintiff's motion will be DENIED.
28 //

**CONCLUSION**

For the reasons set forth above, plaintiff's motion is hereby DENIED.

This order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated: August 15, 2007

MAXINE M. CHESNEY
United States District Judge